## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Christine M. Arguello

Civil Action No. 11-cv-00784-CMA-KMT

CESAR ANTONIO SALAS, and
JUANA SALAS DURON,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

---

This matter is before the Court on the Government's "Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)." (Doc. # 39.) For the following reasons, the motion is granted.

## I.  BACKGROUND[1]

In May of 2001, Plaintiff Cesar Antonio Salas ("Salas"), an adult who suffers from "diminished mental faculties" (Doc. # 50 at 3), attempted to return to the United States from a trip to Mexico. (*See* Doc. # 25 at 3-4.) Despite being an American citizen, Salas was refused entry at a border crossing, and United States immigration officers deported him back to Mexico. (*Id.*)

---

[1]  Unless otherwise noted, the following facts are taken from Plaintiffs' Second Amended Complaint. (Doc. # 25.)

In July of 2007, a similar situation occurred when Salas attempted to re-enter the United States from Mexico; he was again refused entry and deported. (*Id.* at 4-5.) When he was deported, Salas had no money and quickly fell on hard times in Mexico. (*Id.* at 5-6.)  Eventually, however, his mother, Plaintiff Juana Salas Duron ("Duron"), located him, and they returned together to the United States.  (*See id.* at 7.)

On March 1, 2008, Plaintiff, again returning from a trip to Mexico, was detained in Texas and subsequently charged with unlawful re-entry.  (*Id.* at 8.)  Salas was held until March 14, 2008, when the local United States Attorney's Office dismissed the charges against him.  (Doc. # 50 at 4.)  At that time, Salas was transferred to the custody of United States Immigration and Customs Enforcement ("ICE"), where removal proceedings were initiated against him.  (Doc. # 25 at 9.)  However, the Department of Homeland Security ("DHS") moved to terminate the proceedings and, on March 31, 2008, Salas was released from custody.  (*Id.*; *see also* Doc. # 25-2 at 2.)  Before Salas was released, his attorney requested that he be held until Duron could arrive to retrieve him.  (Doc. # 25 at 9.)  However, ICE released Salas in El Paso before Duron arrived. (*Id.* at 9-10.)

On March 26, 2010, Plaintiffs filed claims with DHS under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, which were subsequently denied. (*Id.* at 3.)  On March 28, 2011, Plaintiffs filed the instant action in this Court (Doc. # 1), alleging two claims for relief (Doc. # 25).  First, they assert that the United States was negligent in investigating Salas's citizenship on each of the three occasions when he

was deported or detained.  (*See id.*)  Second, they claim that the United States was

negligent in releasing Salas on March 31, 2008, before Duron could pick him up.  (*Id.*)

The Government filed a motion to dismiss (Doc. # 39), which is ripe for review.[2]

## II.  <u>STANDARD OF REVIEW</u>

The Government brings its motion to dismiss under both Fed. R. Civ. P. 12(b)(1)

and 12(b)(6).  Accordingly, the Court addresses the proper standard of review for

motions under each rule.

## A.   **RULE 12(b)(1)**

As set forth by the Tenth Circuit in *Holt v. United States*, 46 F.3d 1000, 1002-03

(10th Cir. 1995), the standard of review for a Rule 12(b)(1) motion is as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject
> matter jurisdiction take two forms.  First, a facial attack on the complaint's
> allegations as to subject matter jurisdiction questions the sufficiency of the
> complaint.  *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325
> (6th Cir.1990).  In reviewing a facial attack on the complaint, a district
> court must accept the allegations in the complaint as true.  *Id.*
>
> Second, a party may go beyond allegations contained in the
> complaint and challenge the facts upon which subject matter jurisdiction
> depends.  *Id.*  When reviewing a factual attack on subject matter
> jurisdiction, a district court may not presume the truthfulness of the
> complaint's factual allegations.  *Id.*  A court has wide discretion to allow
> affidavits, other documents, and a limited evidentiary hearing to resolve
> disputed jurisdictional facts under Rule 12(b)(1).  *Id.; Wheeler v. Hurdman,*
> 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied,* 484 U.S. 986, 108 S. Ct.
> 503, 98 L.Ed.2d 501 (1987).  In such instances, a court's reference to

---

[2]  Plaintiffs filed a response on January 16, 2012 (Doc. # 50), to which the Government replied
on January 30, 2012 (Doc. # 51).

evidence outside the pleadings does not convert the motion to a Rule 56 motion.  *Wheeler*, 825 F.2d at 259 n. 5.[3]

Further, the plaintiff bears the burden of proof to demonstrate that the court has subject-matter jurisdiction over his complaint.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

## B.    RULE 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim is to test "the sufficiency of the allegations within the four corners of the complaint."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  A complaint will survive such a motion only if it contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  For a motion to dismiss, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law."  *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable

---

[3]  Although consideration of affidavits and other documents is appropriate when deciding a Rule 12(b)(1) motion to dismiss, here such consideration is unnecessary to decide the Government's motion, as addressed below.  Accordingly, the Court has treated the Government's motion as a facial attack on Plaintiffs' allegations and, therefore, has accepted such allegations as true.

to the plaintiff." *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991).  Nevertheless, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

## III. DISCUSSION

In the FTCA, Congress "consented to suits against the United States for certain torts committed by federal employees while acting within the scope of their employ-ment." *Woodruff v. Covington*, 389 F.3d 1117, 1125 (10th Cir. 2004).  As a preliminary matter, "[t]imeliness of suit is one of the conditions of the government's waiver of sovereign immunity under the FTCA, and the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in [28 U.S.C.] § 2401(b)." *In re Franklin Sav. Corp.*, 385 F.3d 1279, 1287 (10th Cir. 2004).  Under § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."  Determination of when a claim accrues "is a matter of federal, not state, law." *Kynaston v. United States*, 717 F.2d 506, 508 (10th Cir. 1983).  "Under the FTCA a cause of action accrues at the time the plaintiff is injured . . . ." *Id.*

If an FTCA claim is timely filed, "the conditions for waiver of sovereign immunity further include that the alleged 'injury' must have been 'caused by the negligent or wrongful act or omission of any employee of the Government . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Harvey v. United States*, 685 F.3d 939, 947 (10th Cir. 2012) (quoting 28 U.S.C. § 1346(b)(1)). Accordingly, "the FTCA mandates application of [the law of the place] to resolve questions of substantive liability." *Cannon v. United States*, 338 F.3d 1183, 1192 (10th Cir. 2003); *see also Harvey*, 685 F.3d at 947 (citing *Cannon* with approval).

## A.   TIMELINESS OF PLAINTIFFS' CLAIM FOR NEGLIGENT INVESTIGATION

In the instant case, the Government asserts, and the Court agrees, that Plaintiffs' claim for negligent investigation is barred by the statute of limitations.  (Doc. # 39 at 10.) As set forth in Plaintiffs' Second Amended Complaint, and as recited above, all three of the incidents – in which Salas was allegedly injured by the United States's failure to investigate his citizenship – occurred on or before March 25, 2008, which was more than two years before Plaintiffs filed their claims with the DHS.

To try to save their claims from this eventuality, Plaintiffs assert that all of the conduct they pled was part of "one continuous tort."  (Doc. # 25 at 10.)  *See Hoery v. United States*, 324 F.3d 1220, 1222 (10th Cir. 2003) ("for continuing torts, . . . [an FTCA] claim continues to accrue as long as tortious conduct continues").  However, this line of reasoning fails to save Plaintiffs' negligent investigation claim for at least the following

6

four reasons.  First, for this claim, Plaintiffs reference no allegedly tortious conduct that

occurred after March 25, 2008.  Although they allege such conduct in their second claim

for relief, that claim is for a **separate** tort which, accordingly, is not part of the tort

alleged in Plaintiffs' first claim for relief.[4]  Second, the continuing tort doctrine "does not

apply to actions that are complete in themselves, rather, it applies to a continuing

course of conduct, which, over time, causes injury."  *Roehrs v. Conesys, Inc.*, No. Civ.

A. 3:05-CV-829-M, 2005 WL 3454015, at *3 (N.D. Tex. Dec. 14, 2005) (unpublished).

Here, even the actions Plaintiffs pled in their first claim for relief do not represent a

continuing course of conduct.  Instead, each of the three deportation or detention

incidents could well have given rise to a separate cause of action for negligence.

*Cf. Twyman v. Twyman*, 790 S.W.2d 819, 821 (Tex. App. 1990) (under a continuing

tort theory, no single incident "can fairly or realistically be identified as the cause of

significant harm" (quotation marks and citation omitted)), *rev'd on other grounds*, 855

S.W.2d 619 (Tex. 1993).  Further, Plaintiffs provide no evidence, or even argument,

illustrating a connection between the three separate incidents, such that they could

reasonably be considered part of a continuous tort.  Third, to the extent that Plaintiffs'

position is premised on a theory that Salas's first erroneous deportation incident caused

the subsequent ones and, therefore, all three instances are part of one continuous tort,

---

[4]  Moreover, as discussed in the text below, the United States's actions, which underlie
Plaintiffs' claim for negligently releasing Salas, were not tortious and, thus, cannot extend
the date of accrual for Plaintiffs' negligent investigation claim under a continuing tort theory.
*See, e.g.*, *Dowling v. Arpaio*, No. 09-1401, 2011 WL 843942, at *5 (D. Ariz. Mar. 8, 2011)
(unpublished) (allegations of non-tortious conduct within limitations period do not forestall
accrual of allegedly tortious actions which took place outside of such period).

Plaintiffs provide no authority supporting such a domino theory, and the Government argues persuasively that "a continuing tort is not established by 'continuing ill effects from an original tort.'" (Doc. # 39 at 11 (quoting *Maslauskas v. United States*, 583 F. Supp. 349, 351 (D. Mass. 1984).)  Fourth, even if the three instances at issue in Plaintiffs' negligent investigation claim were part of a continuous tort, Plaintiffs could recover damages "only for the two years prior to the time [they] file[d] the[ir] required administrative complaint."  *Hoery*, 324 F.3d at 1224; *see also*, *Cannon*, 338 F.3d at 1192 n.16 (quoting *Hoery*).[5]

Plaintiffs also fail to convince the Court to analyze the statute of limitations issue according not to when Salas was injured but, rather, to when he realized he had been injured.  (*See, e.g.*, Doc. # 70 at 2-4.)  Such an approach to the statute of limitations under the FTCA pertains to medical malpractice cases and, therefore, is inapplicable here.  *See, e.g.*, *Kynaston*, 717 F.2d at 508 ("Under the FTCA a cause of action accrues at the time the plaintiff is injured, or, in a medical malpractice action, when the plaintiff has discovered both his injury and its cause.").  Nor is the Court persuaded by Plaintiffs' argument that "the claims as to Plaintiff Salas are tolled due to his mental disabilities." (Doc. # 58 at 7.)  Equitable considerations do not toll the limitations period in 28 U.S.C. § 2401(b).  *Anderberg v. United States*, 718 F.2d 976, 977 (10th Cir. 1983).  This is a

---

[5]   Although the last incidents of which Plaintiffs complain occurred in Texas, the Court notes that under the law of Arizona, from where Salas was earlier deported, Plaintiffs would also not be able to succeed on their continuing-tort theory. *See, e.g.*, *Dowling*, 2011 WL 843942, at *4 ("[T]here is no authority under Arizona law for the proposition that the tort[] of negligence . . . [is a] continuing tort[].  A commission of . . . [this] tort[] may have continuing effects, but those continuing effects do not forestall the accrual of a cause of action.").

result of the principle that "limitations and conditions upon which the Government

consents to be sued must be strictly observed and exceptions thereto are not to be

implied." *Soriano v. United States*, 352 U.S. 270, 276 (1957).[6]

 Accordingly, the statute of limitations bars Plaintiffs' negligent investigation claim.

**B. CLAIM FOR NEGLIGENTLY RELEASING SALAS**

 Plaintiffs allege that, on March 31, 2010, ICE negligently released Salas in

El Paso before Duron could arrive to retrieve him, contrary to the request of his

attorney.  According to Plaintiffs, this caused: "another series of agonizing hours with

mother and son looking for each [other] in El Paso, Texas" (Doc. # 25 at 9-10);

"consternation and emotional distress"; and fear on the part of Duron "for her son's

safety . . ." (*id.* at 15-16).  However, the Government argues, Plaintiffs do not dispute,

and the Court agrees that Texas law does not recognize the tort of negligent infliction

of emotional distress.  *See, e.g.*, *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993)

("We hold that there is no general duty in Texas not to negligently inflict emotional

distress.").  As such, Plaintiffs' claim based on that tort cannot succeed under the FTCA.

*See, e.g.*, *Garza v. United States*, 881 F. Supp. 1103, 1108 (S.D. Tex. 1995) (in FTCA

case, citing *Boyles* and finding that, because "Texas does not recognize an independent

cause of action for negligent infliction of emotional distress," the plaintiff could not

succeed on such a claim).[7]

---

[6] Although such an outcome may seem harsh, "remedial action lies with the Congress through statutory change or a private bill for relief."  *Anderberg*, 718 F.2d at 977 n.3.

[7] Because the statute of limitations bars Plaintiffs' negligent investigation claim, and they fail to state a claim based on Salas having been negligently released, the Court need not consider the

IV. **CONCLUSION**

For the foregoing reasons, it is ORDERED that the Government's "Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. # 39) be GRANTED.

Even though reviewing affidavits and other documents is appropriate when deciding a Rule 12(b)(1) motion to dismiss, the Court did not need to consider such materials, as previously mentioned, in deciding the instant motion.  Nor did the Court need to consider any other subsequently submitted materials containing evidence beyond that referenced in the pleadings.  Accordingly, it is FURTHER ORDERED that Plaintiffs' "Motion to Convert Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to a Motion for Summary Judgment Pursuant to Rule 56 and Request for Oral Argument" (Doc. # 53) be DENIED.[8]  It is

FURTHER ORDERED that, based on the above analysis, Plaintiffs' claims cannot be cured by amendment and, thus, their request for leave to amend be DENIED. It is

---

Government's arguments regarding the Discretionary Function Exception, the Foreign Country Exception, and the other reasons why Duron's claims fail under Rule 12(b)(6).

[8]  *See also Trobaugh v. United States*, No. 01-03253, 2002 WL 1038763, at *2 (10th Cir. May 23, 2002) (unpublished) (citing with approval First Circuit holding that "the FTCA statute of limitations set forth in 28 U.S.C. § 2401(b) does *not* create a jurisdictional question intertwined with the merits of the case; as a result, a court is not required to convert a motion to dismiss for lack of subject matter jurisdiction on statute of limitations grounds into a motion for summary judgment").

FURTHER ORDERED that Defendant shall have its costs by the filing of a Bill of Costs with the Clerk of the Court within ten days of the entry of judgment.  However, each party shall bear its own attorneys' fees.

DATED:  September   18  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge